UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST HOME BANK,

    **Plaintiff,**

v.                                                             Case No. 8:17-cv-1567-T-27JSS

RAUT, LLC, IRINA DOROSHENKO,
and GENNADI DOROCHENKO,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendants Raut, LLC and Gennadi Dorochenko's Motion to Dismiss the Complaint (Dkt. 12), Plaintiff's Motion to Transfer Venue (Dkt. 18), and Raut and Dorochenko's memorandum in opposition to the motion to transfer (Dkt. 19).[1] Plaintiff did not file an opposition to the motion to dismiss. Upon consideration, the motion to dismiss the complaint (Dkt. 12) is **DENIED**. The motion to transfer is (Dkt. 18) is **GRANTED**.

Plaintiff sues Raut for payment owed under a Promissory Note (Count I) and for money lent (Count II). (Dkt. 1). Plaintiff sues Dorochenko for breach of a guaranty. (*Id.*, Count IV). And Plaintiff sues both Defendants for unjust enrichment (Count V) and promissory estoppel (Count VI). (*Id.*). Plaintiff is a Florida banking corporation with its principal place of business in Florida. Raut is a Kentucky limited liability company whose members are Kentucky residents. (*Id.* at ¶¶ 2-3).

---

[1] An Order dismissed, without prejudice, Plaintiff's claims against Defendant Irina Doroshenko pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Order, Dkt. 21); *see also* (Order to Show Cause, Dkt. 20) (providing notice to Plaintiff of its failure to timely serve Doroshenko and directing it to show cause in writing why the claims against Doroshenko should not be dismissed without prejudice pursuant to Rule 4(m)).

Initially, the plaintiff bears the burden of alleging a prima facie case of jurisdiction over a nonresident defendant. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). When the defendant challenges jurisdiction with affidavits, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (internal quotation marks and citations omitted); *see also Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (noting that "[i]f the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint" (internal quotation marks and citations omitted)). Where the evidence conflicts, "the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

Determining personal jurisdiction over a nonresident defendant is a two-part inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Mazer*, 556 F.3d at 1274. The construction and application of Florida's long-arm statute is a question of Florida law. Therefore, federal courts construe the provisions as would the Florida Supreme Court. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). And, "Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citation omitted).

The Complaint includes no specific allegations of personal jurisdiction over the nonresident Defendants. (Dkt. 1). Rather, the Complaint alleges that subject matter jurisdiction exists based on diversity of citizenship and the amount in controversy, and that venue is proper in this district because "the parties have contractually agreed that Florida is the exclusive forum, venue, and place

of jurisdiction." (*Id.* at ¶¶ 5-6). Defendants argue that Plaintiff's allegations are insufficient to meet its burden of alleging a prima facie case of jurisdiction over them. (Dkt. 12 at p. 3) (citing *Mazer*, 556 F.3d at 1274).

Further, Defendants point out that there are no clauses in the note executed by Raut or in Dorochenko's guaranty providing that Florida is the exclusive forum. (Promissory Note, Dkt. 1-2); (Dorochenko Guaranty, Dkt. 1-10). However, a Security Agreement executed by Raut provides, "[t]his Agreement is governed by the laws of Kentucky, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Florida, unless otherwise required by law." (Dkt. 1-3). Plaintiff has not asserted any claims relating to the Security Agreement. *See* (Dkt. 1 at ¶ 11) ("Lender is not presently seeking an order for repossession of the Collateral, but specifically restates and reaffirms its protected security interest therein and reserves its rights in and to the Collateral.").

Defendants also provide Dorochenko's affidavit in support of their motion to dismiss for lack of jurisdiction and improper venue. (Dkt. 15-1). Dorochenko avers that he resides in Kentucky, he is one of the managers of Raut, Raut does business in Kentucky, Raut's bank accounts are located in Kentucky, and neither he nor Raut engage in business activities in Florida. (*Id.*). Defendants argue that the affidavit establishes that they do not have sufficient minimum contacts with Florida. (Dkt. 12 at p. 4 n.2).

Plaintiff failed to meet its initial burden of alleging a prima facie case of jurisdiction over Defendants. *See Mazer*, 556 F.3d at 1274. It alleges that the parties contractually agreed that Florida is the exclusive forum, venue, and place of jurisdiction. (Dkt. 1 at ¶ 6). As noted, however, the note

3

and guaranty attached to the Complaint do not include clauses designating Florida as the forum, and Plaintiff brings no claims relating to the Security Agreement that includes a forum selection clause. The exhibits govern over Plaintiff's contrary allegations. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

Moreover, Plaintiff's allegation that the parties contractually agreed to Florida as the forum is insufficient to establish personal jurisdiction over Defendants because the documents do not comply with Florida's statutory long-arm jurisdiction requirements. *See* FLA. STAT. § 48.193(1)(a)9. (citing FLA. STAT. § 685.102). Neither the note executed by Raut nor Dorochenko's guaranty include provisions designate Florida law as the governing law or provide that the nonresidents agreed to submit to the jurisdiction in Florida. *See Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So. 3d 159, 162 (Fla. Dist. Ct. App. 2009) ("To satisfy the statutory requirements [of section 685.102], the contract . . . must (1) include a choice of law provision designating Florida Law as the governing law, (2) include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida . . . ."). The Security Agreement executed by Raut does not satisfy Florida's long-arm jurisdiction requirements because it provides that the agreement is governed by Kentucky law. *See id.* Further, Dorochenko did not sign the Security Agreement and, therefore, did not agree to its forum selection clause. *See id.*

Even if Plaintiff had met its initial burden of alleging a prima facie case of jurisdiction, Defendants challenged jurisdiction with Dorochenko's affidavit, which demonstrates that he and Raut have insufficient contacts with Florida to satisfy due process requirements. (Dkt. 15-1). Accordingly, the burden shifted back to Plaintiff to produce evidence supporting jurisdiction. *Mazer*, 556 F.3d at 1274; *Polski Linie Oceaniczne*, 795 F.2d at 972. Plaintiff did not file a response or

provide evidence, and, therefore, failed to meet its burden of establishing personal jurisdiction. *See Mazer*, 556 F.3d at 1280 (holding that the plaintiff proffered no competent evidence to establish jurisdiction in response to a defendant's affidavit). Personal jurisdiction over Defendants, therefore, does not exist. *See id.*

Defendants also seek dismissal of the Complaint for improper venue. (Dkt. 12). Plaintiff alleges venue is proper under 28 U.S.C. § 1391(b) because the parties contractually agreed that Florida is the proper venue. "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)," and, therefore, "venue is proper so long as the requirements of § 1391(b) are met, irrespective of any forum-selection clause." *Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. Tex.*, 134 S. Ct. 568, 577-78 (2013). In any event, the absence of a forum selection clause in the note or guaranty attached to the Complaint refutes Plaintiff's asserted basis for venue. *See Crenshaw*, 556 F.3d at 1292.

Having determined that personal jurisdiction over Defendants does not exist and that venue is improper, the question to be resolved is whether Plaintiff presents a basis to transfer this case to the United States District Court for the Eastern District of Kentucky. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court

in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *see also United States v. Saldana*, 273 F. App'x 845, 847 (11th Cir. 2008) (per curiam) ("If it is in the interest of justice, the district court has the alternative of transferring the petition to the proper district court.").

Plaintiff makes no argument that transfer of venue is in the interest of justice. (Dkt. 18). It contends merely that the action could have been brought in the United States District Court for the Eastern District of Kentucky because Raut's members reside in that district. (*Id.* at ¶¶ 6-9). Defendants oppose transfer, arguing that the complaint should be dismissed for lack of personal jurisdiction and improper venue, notwithstanding Plaintiff's motion to transfer. (Dkt. 19). As noted, however, transfer is an alternative to dismissal even when personal jurisdiction is lacking. *See Goldlawr*, 369 U.S. at 466. And Defendants acknowledge that transfer is preferred over dismissal when a plaintiff brings a case in an improper venue, unless the plaintiff brought the case in bad faith or in an effort to harass a defendant. (Dkt. 19) (citing *Palmer v. Dau*, No. 6:10-cv-248-Orl-19KRS, 2010 WL 2740075, at *2 (M.D. Fla. July 12, 2010)).

Defendants argue that there is evidence of bad faith, as shown by Plaintiff's failure to allege jurisdictional facts, its misrepresentation of the existence of forum selection clauses in the note and guaranty, its refusal to agree to an order vacating the clerk's defaults entered against them even though Hurricane Irma and a corresponding evacuation order caused their delayed response to the complaint, and its failure to file a response to their motion to dismiss for lack of personal jurisdiction and improper venue. (Dkt. 19). Their argument, however, does not persuasively demonstrate bad faith. Instead, it appears that Plaintiff brought this action in an improper venue based on a mistaken belief that a forum selection clause applied. *See Palmer*, 2010 WL 2740075 at *2. That mistake does

warrant dismissal over transfer where the action may properly be transferred to the Eastern District of Kentucky. *See Saldana*, 273 F. App'x at 847; *Palmer*, 2010 WL 2740075, at *2.

Accordingly, Defendants Raut and Dorochenko's Motion to Dismiss the Complaint (Dkt. 12) is **DENIED**. Plaintiff's Motion to Transfer Venue (Dkt. 18) is **GRANTED**. Pursuant to 28 U.S.C. § 1406(a), the Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Kentucky and close this case.

**DONE AND ORDERED** this 28th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record